■ DUANE READE, Respondent-Appellant, v BLOCK 247, LLC, Appellant-Respondent. [798 NYS2d 518]—

In an action, inter alia, to enjoin the defendant from terminating a commercial lease of real property, for a declaration that the plaintiff was not in violation of the lease, and to recover damages for breach of the lease, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated February 23, 2004, as denied its motion for summary judgment, among other things, dismissing the complaint and for a declaration that the lease is cancelled pursuant to its terms, and the plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment on its cause of action for a declaration that it was not in violation of the terms of the lease.

Ordered that the order is affirmed, without costs or disbursements.

The lease between the parties provided that the "Tenant shall undertake all Construction Work, including, without limitation, the Construction Work required in connection with the construction of the Required Capital Improvements." "Construction Commencement Date" with respect to "Required Capital Improvements" was defined as "a date occurring within 2 years of the Commencement Date" of the lease on November 1, 2000. Article 27.01 (c) of the lease provided that "if Tenant shall fail to commence construction of the Required Capital Improvements within 24 months of the commencement date of the lease" the tenant could be held in default.

On November 19, 2002, the defendant landlord sent the plaintiff tenant a notice to cure stating that the tenant failed to "commence construction of the Required Capital Improvements within 24 months of the commencement date of the Lease" and if the default was not cured on or before December 17, 2002, the lease would be terminated. On December 13, 2002, the tenant commenced the instant action and sought a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630, 638 [1968]), which was granted by the Supreme Court in an order dated April 15, 2003.

The defendant moved for summary judgment, inter alia, dismissing the complaint and for a declaration that the lease "is

cancelled pursuant to its terms" on the ground that governmental approvals for the construction had not been issued. The plaintiff cross-moved for summary judgment on its first cause of action for a declaration that it was not in violation of the lease, contending that it had diligently pursued construction. The plaintiff claimed that, in any event, the proposed building in question was not the "Required Capital Improvement" described in the lease; therefore, the time limits on construction contained in the lease were not applicable. The plaintiff further contended that the defendant violated a provision of the lease that required the defendant to cooperate with the plaintiff in securing the necessary permits. Moreover, the plaintiff contended that the defendant waived compliance with the deadline for commencement of construction.

The Supreme Court denied the motion and the cross motion, stating that there were issues of fact as to whether the defendant's course of conduct constituted "a waiver of its right to insist upon commencement of construction by the contractual deadline."

Contrary to the plaintiff's contention, the proposed building constituted a "Required Capital Improvement" described in the lease. However, the defendant failed to establish, as a matter of law, that it complied with the provision of the lease that required it to cooperate with the plaintiff in obtaining the required permits from governmental authorities. Further, we agree with the Supreme Court that there are triable issues of fact as to whether the defendant waived its right to insist upon commencement of construction by the contractual deadline.

Accordingly, the motion and the cross motion were properly denied. Prudenti, P.J., Goldstein, Crane and Mastro, JJ., concur.