■ Richard Kistela, Appellant, v William H. Ahlers et al., Respondents. [802 NYS2d 729]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated September 28, 2004, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The parties entered into a contract for the sale of a parcel of vacant real property which was made contingent upon the plaintiff purchaser obtaining a building permit. The contract provided, inter alia, that if the plaintiff did not secure the permit and close title to the premises within 10 months of the agreement, the contract would terminate and the defendant sellers would return the plaintiff's down payment. Although no building permit was obtained and the closing did not occur within the contractual time period, the defendants did not send any communication to the plaintiff regarding termination of the agreement, nor did they return the down payment. Moreover, several months after the closing date set forth in the contract, the defendants met with the plaintiff and executed new applications for an area variance and a building permit for the property on his behalf. The plaintiff subsequently waived the building permit contingency and set a new date for the closing, but the defendants refused to attend and took the position that the contract terminated by reason of the plaintiff's failure to close within the original 10-month period. The plaintiff commenced this action, inter alia, for specific performance, and the defendants, after returning the down payment, moved, among other things, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint. We reverse.

In response to the defendants' prima facie showing of entitlement to summary judgment, the plaintiff raised a triable issue of fact as to whether the defendants waived the contract date for satisfaction of the building permit contingency and for the closing and instead elected to continue to perform under the contract. Indeed, the plaintiff established that the defendants waived a prior contract deadline for the filing of the building permit application, retained the down payment for a substantial period beyond the contract closing date, and met with him and executed new applications for municipal approvals with regard

to the property on his behalf long after that date had passed (*see Duane Reade v Block 247, LLC,* 20 AD3d 448 [2005]; *Golfo v Kycia Assoc., Inc.,* 15 AD3d 540, 541 [2005]; *Ehrenpreis v Klein,* 260 AD2d 532 [1999]; *Kaufman v Haverstraw Rd. Lands,* 158 AD2d 675 [1990]; *Gresser v Princi,* 128 AD2d 752 [1987]). Moreover, contrary to the defendants' contention, a waiver such as that alleged by the plaintiff herein need not be in writing in order to be valid and enforceable (*see Stefanelli v Vitale,* 223 AD2d 361, 362 [1996]; *Dellicarri v Hirschfeld,* 210 AD2d 584 [1994]; *76 N. Assoc. v Theil Mgt. Corp.,* 114 AD2d 948, 949-950 [1985]; *Patten v Nagy,* 86 AD2d 890 [1982]). While the defendants currently contend that their actions were taken to further the negotiation of a new contract with the plaintiff rather than as a continuation of performance under the original contract, this assertion merely raises a question to be determined by the trier of fact. Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint should have been denied. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.