■ GERMAN DEL POZO, Appellant, v IMPRESSIVE HOMES, INC., Respondent. [815 NYS2d 200]—

In an action for specific performance of a contract for the sale of real property or, alternatively, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated May 23, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

In opposition to the defendant seller's prima facie showing of entitlement to summary judgment, the plaintiff purchaser succeeded in raising questions of fact warranting the denial of the motion. Specifically, the plaintiff raised a triable issue regarding whether he was financially capable of completing the subject real estate transaction, a prerequisite for obtaining specific performance (*see Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005]; *Johnson v Phelan*, 281 AD2d 394, 395 [2001]; *Petrelli Assoc. v Germano*, 268 AD2d 513 [2000]). Similarly, the plaintiff raised a question of fact with respect to whether the parties, by their conduct, waived compliance with the mortgage contingency clause in their contract (*see generally Kistela v Ahlers*, 22 AD3d 641, 642-643 [2005]; *Poquott Dev. Corp. v Johnson*, 104 AD2d 442, 443 [1984]). In this regard, the record demonstrates that the defendant waited long after the expiration of the deadline for the plaintiff to obtain a mortgage commitment before cancelling the contract, and its notice of cancellation made no reference to the plaintiff's failure to obtain a mortgage commitment. Moreover, the record reveals questions as to whether the defendant breached the contract, thereby entitling the plaintiff to an award of damages. Accordingly, the Supreme Court should have denied the defendant's motion. Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.