■ MARIE J. GASTON et al., Respondents, v RAYMOND ESTRADA et al., Appellants. [835 NYS2d 370]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 27, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. The record reveals that after the plaintiffs failed to close title on the subject property on March 17, 2003, the plaintiffs nevertheless applied for mortgage financing and secured a letter of commitment therefor; the defendants thereafter permitted them to conduct a "walk through" inspection of the premises, the parties scheduled two subsequent closing attempts on May 5, 2003, and July 2, 2003, and the defendants did not take possession of the contract down payment until July 24, 2003, some three weeks after the last attempt to close had failed. Under these circumstances, the court correctly determined that factual questions exist as to whether the conduct of the parties following the failure to close on March 17, 2003, evinced an intent on their part to continue to perform under the contract, such that the defendants should be estopped from relying upon the plaintiffs' earlier default as a defense to this action (see Moray v DBAG, Inc. 305 AD2d 472 [2003]; Haiduk v Nassar, 177 AD2d 545 [1991]; Levine v Sarbello, 112 AD2d 197 [1985], affd 67 NY2d 780 [1986]; see generally Del Pozo v Impressive Homes, Inc., 29 AD3d 621 [2006]; Donald v Barbato, 27 AD3d 414 [2006]; Kistela v Ahlers, 22 AD3d 641 [2005]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.