■ Lazy S Group I, Appellant, v Kathryn Gomez et al., Respondents. [876 NYS2d 473]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated August 20, 2008, which granted the defendants' motion, in effect, for summary judgment dismissing the complaint, and directed the escrowee to deliver the down payment to the defendants as liquidated damages.

Ordered that the order is reversed, on the law, with costs, the defendants' motion, in effect, for summary judgment dismissing the complaint is denied, and the defendants are directed to return the down payment to the escrowee.

The plaintiff and the defendants entered into a contract pursuant to which the plaintiff agreed to purchase from the defendants certain real property in the City of Peekskill. As a condition of closing, the contract required the defendants to deliver a valid certificate of occupancy authorizing the use of the premises as a four-family dwelling. The contract also provided that the balance of the purchase price in excess of $50,000 would be paid by means of a purchase money mortgage loan from the defendants that was to be "drawn by the attorney for purchaser in the form attached or, if not, in the standard form adopted by the New York State Land Title Association." Title did not close at the January 6, 2005, closing, and the plaintiff commenced this action for specific performance.

By order entered June 8, 2006, the Supreme Court (Murphy, J.) granted the plaintiff's motion for summary judgment. In the order, the Supreme Court stated that at the January 6, 2005,

closing, the parties learned that the certificate of occupancy for the premises permitted its use as a "three-plus" family dwelling, but not as a four-family dwelling, and title did not close. Although the Supreme Court also stated in the order that there was a factual dispute as to whether the plaintiff had agreed to pay for the materials necessary to obtain the required certificate of occupancy if the defendants paid for the labor, as the plaintiff contended, or to close only if the defendants agreed to a reduced purchase price, as the defendants asserted, the Supreme Court found that dispute to be immaterial in light of the "plaintiff's expressed desire to accept title in the subject premises despite the absence of a certificate of occupancy." The defendants appealed from the order entered June 8, 2006, but the appeal was subsequently withdrawn.

While the plaintiff's motion for summary judgment was pending, the City of Peekskill enacted a new provision of the Code of the City of Peekskill (hereinafter the Peekskill City Code) requiring that an updated certificate of occupancy be obtained before any improved real property that is transferred may be used or occupied (Peekskill City Code § 300-48 [A] [3]). The Peekskill City Code imposes the burden of obtaining the certificate upon the seller "unless the parties agree otherwise in their contract of sale" (Peekskill City Code § 300-48 [A] [3]).

By letter dated December 6, 2007, the defendants' counsel requested that the plaintiffs proceed with the purchase of the premises without the defendants' delivery of a certificate of occupancy. The plaintiff rejected that demand, citing the newly-enacted requirement of the Peekskill City Code. When the defendants responded that the plaintiff had breached the contract and sought to retain the down payment as liquidated damages, the plaintiff moved to adjudicate the defendants in contempt of the June 8, 2006 order. By order dated March 26, 2008, the Supreme Court (Donovan, J.), in effect, granted the plaintiff's motion only to the extent of directing that the closing take place within 60 days. No appeal was taken from that order.

By letter dated April 11, 2008, the plaintiff, inter alia, scheduled the closing for May 12, 2008, advising the defendants that time was of the essence. By letter dated April 29, 2008, the defendants' counsel responded that the defendants would not close unless the plaintiff assumed the responsibility to comply with the Peekskill City Code and agreed to indemnify and hold them harmless from any liability in that regard. By letter dated May 8, 2008, the plaintiff's counsel refused the defendants' demand, but otherwise indicated his client's willingness to close on May 12, 2008. By fax dated May 9, 2008, the defendants'

counsel refused to go forward with the closing, asserting that the plaintiff had breached the contract by failing to comply with the requirements of Peekskill City Code § 300-48 (A) (3) and by refusing to agree to the mortgage terms the defendants demanded.

By notice of motion dated May 12, 2008, the defendants moved, in effect, for summary judgment dismissing the complaint. Deeming the parties' contract to be null and void, in the order appealed from the Supreme Court granted the defendants' motion and directed the escrowee to deliver the down payment to the defendants as liquidated damages.

The defendants failed to establish, prima facie, their entitlement to judgment as a matter of law. The Peekskill City Code imposes the burden of obtaining an updated certificate of occupancy on the seller unless the parties have agreed in their contract to shift that burden to the purchaser (Peekskill City Code § 300-48 [A] [3]). The contract of sale, which was drafted prior to the adoption of the relevant code provision, is silent with respect to this issue. The plaintiff's subsequent conduct, while establishing its willingness to close without a certificate of occupancy, does not establish its willingness to close without the updated certificate required by the Peekskill City Code. The defendants further failed to establish any basis in the contract for their demand that the plaintiff assume the obligation to comply with the Peekskill City Code and indemnify them against any liability for failure to comply. The papers submitted in support of the defendants' motion demonstrated, rather, the existence of triable issues of fact as to whether the communications between the parties and the parties' conduct at the closing constituted a counteroffer or a repudiation of the original contract, whether there was an actual agreement between the parties regarding the updated certificate of occupancy and whether there was a breach, and if so, which party was in breach. Further, issues of fact also exist as to whether the conduct of the plaintiffs or the defendant waived such breach, or whether actions were taken to further the negotiation of a new contract between the parties rather than as a continuation of performance under the original contract (*see Kistela v Ahlers*, 22 AD3d 641 [2005]). The Supreme Court erred, therefore, in granting the defendants' motion, in effect, for summary judgment dismissing the complaint. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.