■ LAWRENCE S. KAUFMAN et al., Respondents, v HAVERSTRAW ROAD LANDS, INC., Appellant.—

Based upon the facts of this case, we conclude that the Supreme Court acted properly in granting the plaintiff purchasers specific performance of the parties' contract of sale which the defendant seller purportedly canceled due to the failure to timely obtain the requisite subdivision approval under the terms of the contract. The defendant seller's conduct during the extensive period of delay in the subdivision

approval process evinced a waiver of the defendant seller's contractual right to cancel the contract (see, Gresser v Princi, 128 AD2d 752, lv dismissed 70 NY2d 693; cf., Bonavita & Sons v Quarry, 126 AD2d 707). We also reject the defendant seller's claim that its liability under the terms of the contract for its inability to convey title to the plaintiff purchasers was limited to the return of the latters' down payment. The evidence herein clearly establishes that the defendant seller's inability to convey title was self-created and, thus, the plaintiff purchasers were not precluded from pursuing the remedy of specific performance (see, S.E.S. Importers v Pappalardo, 53 NY2d 455; Shepard v Spring Hollow, 87 AD2d 126).

Finally, we perceive no error in the Supreme Court's denial of the defendant seller's motion pursuant to CPLR 5015 (a) (2) to vacate the judgment awarding the plaintiff purchasers specific performance. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.