■ MICHAEL EHRENPREIS et al., Respondents, v LILLIAN KLEIN, Appellant. [688 NYS2d 239] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 29, 1998, as denied her motion for summary judgment dismissing the complaint and to cancel the lis pendens filed by the plaintiffs.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 28, 1996, the plaintiffs entered into a contract to purchase a parcel of real property from the defendant. The contract was conditioned upon the plaintiffs' ability to obtain (1) a variance from the Village of Roslyn Estates permitting the parcel to be subdivided into two separate single-family lots, (2) subdivision approval from the Nassau County Planning Commission, and (3) a certificate of occupancy for the existing dwelling on the newly-created lot. Under the terms of the agreement, if the plaintiffs were unable to secure the necessary approvals within 135 days, either party could cancel the contract. However, the plaintiffs did not file a variance application until May 1997, and more than 15 months elapsed before they obtained a variance from the Village on January 20, 1998. Two weeks later, on February 4, 1998, the defendant notified the plaintiffs that she was cancelling the contract upon the ground that they had failed to secure the necessary governmental approvals within 135 days from the date the contract of sale was signed. The plaintiffs then commenced this action seeking specific performance.

Contrary to the defendant's contention, the Supreme Court properly denied her motion for summary judgment. Under the circumstances of this case, there is an issue of fact as to whether the defendant's conduct during the delay in the subdivision process evidenced a waiver of her right to cancel the contract upon the ground she asserted (*see, Kaufman v Haverstraw Rd. Lands,* 158 AD2d 675; *Gresser v Princi,* 128 AD2d 752).

The defendant is also not entitled to summary judgment on

the ground that the plaintiffs failed to demonstrate that they were ready, willing, and able to close before the commencement of this action. Although purchasers who seek specific performance must ordinarily show that they are ready, willing, and able to perform (*see, Scull v Sicoli,* 247 AD2d 852; *Madison Invs. v Cohoes Assocs.,* 176 AD2d 1021), such proof is not required where "the necessity for such a tender was obviated by acts of the other party amounting to an anticipatory breach of the contract" (*Madison Invs. v Cohoes Assocs., supra,* at 1021; *see also, Cohn v Mezzacappa Bros.,* 155 AD2d 506). Since the record also discloses an issue of fact as to whether the defendant's decision to cancel the contract amounted to an anticipatory breach which prevented the plaintiffs from completing performance of their obligations, summary judgment is not warranted.

The defendant's contentions regarding the lis pendens filed by the plaintiffs are without merit. Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.