■ JOSEPH N. MORAY, Respondent, v DBAG, INC., Appellant. [760 NYS2d 193] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 10, 2002, which, upon granting its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, granted the plaintiff leave to replead, and (2) an order of the same court, entered December 10, 2002, which denied its motion, denominated as one for leave to renew, but which was, in effect, for leave to reargue, and to vacate a notice of pendency.

Ordered that the appeal from so much of the order entered December 10, 2002, as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered September 10, 2002, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered December 10, 2002, is reversed insofar as reviewed, without costs or disbursements, and that branch of the defendant's motion which was, in effect, to vacate the notice of pendency is granted.

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff leave to replead pursuant to CPLR 3211 (e). In opposition to the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), the plaintiff submitted evidence of conduct on the part of one of the defendant's principals following the stated closing date that reflected an intent to waive the defendant's right to cancel the contract for failure to obtain an area variance by that date (*see Ehrenpreis v Klein,* 260 AD2d 532 [1999]; *Dellicarri v Hirschfeld,* 210 AD2d 584 [1994]; *Kaufman v Haverstraw Rd. Lands,* 158 AD2d 675 [1990]; *Gresser v Princi,* 128 AD2d 752 [1987]). Under those circumstances, it was improper for the defendant to suddenly attempt to cancel the contract without first notifying the plaintiff that time was of the essence (*see Tucek v Hoffman,* 161 AD2d 588 [1990]; *Dwyer v Villanova,* 129 AD2d 763, 765 [1987]; *Levine v Sarbello,* 112 AD2d 197, 200 [1985]). The defendant would have been required to set a new date for closing and make time of the essence by giving "clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act" (*Savitsky v Sukenik,* 240 AD2d 557, 558 [1997] [internal quotation marks omitted]; *see Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434, 435-436 [1986]), and by informing the plaintiff that if he

does not perform by that date, he will be considered in default (*see Cave v Kollar,* 296 AD2d 370, 371-372 [2002]; *Hamburger v Rieselman,* 206 AD2d 822, 823 [1994]; *Charchan v Wilkins,* 231 AD2d 668 [1996]).

Moreover, the defendant is not entitled to dismissal on the ground that the plaintiff failed to demonstrate that he was ready, willing, and able to close before the commencement of this action. Although purchasers who seek specific performance must ordinarily show that they are ready, willing, and able to perform (*see Ehrenpreis v Klein, supra; Scull v Sicoli,* 247 AD2d 852 [1998]; *Madison Invs. v Cohoes Assoc.,* 176 AD2d 1021 [1991]), such proof is not required where "the necessity for such a tender was obviated by acts of the other party amounting to an anticipatory breach of the contract" (*Madison Invs. v Cohoes Assoc., supra* at 1021; *see also Cohn v Mezzacappa Bros.,* 155 AD2d 506 [1989]).

That branch of the defendant's motion which was denominated as one for leave to renew and reargue was not based upon new facts which were in existence or unavailable to it at the time of the original motion. Therefore, that branch of the motion was, in effect, one for leave to reargue, the denial of which is not appealable (*see Daughety v St. Mary's Hosp. of Brooklyn,* 301 AD2d 558 [2003]; *Muro v Bay Ready Mix & Supplies,* 282 AD2d 584 [2001]; *Bossio v Fiorillo,* 222 AD2d 476, 477 [1995]).

However, the Supreme Court should have granted that branch of the defendant's motion which was to vacate the notice of pendency based upon the plaintiff's failure to serve an amended complaint in accordance with the prior order. Santucci, J.P., Luciano, Townes and Rivera, JJ., concur.