In an action, inter alia, for specific performance of a real estate contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 10, 2002, which granted the defendant’s motion for summary judgment dismissing the complaint and, in effect, denied its cross motion to compel discovery as academic.
Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the cross motion on the merits.
On March 10, 1998, the defendant entered into a written *564 contract with the plaintiff in which he agreed to sell a parcel of property located in the Town of Southampton to the plaintiff for $250,000. The contract provided that the sale was contingent upon the defendant obtaining approval, within 60 days from the date of the contract plus an additional 60 days, from the Planning Board of the Town of Southampton (hereinafter the Board) to remove covenants and restrictions dated March 4, 1987, requiring that the property be used for grape production and establishing a per acre formula limiting wine production.
In April 1998 the defendant applied to the Board to remove the covenants and restrictions. The Board placed the matter on its agenda for its February 4, 1999, meeting, but sometime before February 2, 1999, the defendant withdrew the application from the Board’s calendar. After correspondence and telephone calls between the attorneys for the parties, the defendant reinstated the matter to the Board’s agenda for a date later that year. According to the minutes of the Board meeting on November 4, 1999, the Chairperson stated that the Board was willing to release the property and amend the covenant but first required some additional information from the defendant regarding the square footage of the winery building. The defendant does not dispute that he never provided this information.
On April 10, 2000, five months after the Board meeting but more than two years after the date of the contract, the defendant was still corresponding with the Board in an apparent attempt to finalize its approval. However, in August 1999 and again in September 2000 the plaintiff wrote to the defendant, indicating that it waived the contingency relating to the release and that it wanted to close.
On December 21, 2000, the plaintiff commenced this action seeking, inter alia, specific performance. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The Supreme Court found that the contingency relating to the release of the covenants and restrictions and the time frame for obtaining the removal had been placed in the contract for the benefit of both parties, that there was no proof to indicate that the defendant had agreed to waive or modify this condition, and moreover, that modification of the agreement had to be in writing.
As to the need for a written modification, even if a contract expressly provides for modifications to be in writing, an oral modification will be enforced where it has been fully performed (see T&N W. Galla Pizzeria v CF White Plains Assoc., 185 AD2d 270 [1992]; Marine Midland Bank v Midstate Lbr. Co., 79 AD2d 783 [1980]). The record demonstrates that both parties, by *565 actively continuing to seek the removal at issue well after the 120-day period, effectuated a modification of the contract as to this time constraint (see Ehrenpreis v Klein, 260 AD2d 532 [1999]; Kaufman v Haverstraw Rd. Lands, 158 AD2d 675 [1990]). Moreover, under the circumstances of this case, the Supreme Court improperly granted the defendant’s motion for summary judgment. Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.