■ Miri Yitzhaki, Respondent, v Janusz Sztaberek, Appellant. [831 NYS2d 267]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 27, 2006, which granted the plaintiff's motion for summary judgment directing specific performance of the contract.

Ordered that on the court's own motion, the defendant's notice of appeal from a decision of the same court dated March 8, 2006, is deemed a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff entered into a contract to purchase certain residential rental property from the defendant. The contract contained a mortgage contingency clause which provided that the contract was "subject to the Purchaser, at his own cost and expense, securing a conventional first mortgage for 25/30 years,

at the prevailing rate of interest in the sum of $598,500." The plaintiff had 45 days from receipt of a fully executed contract "to provide Seller's attorney with a proper firm written commitment," and the contract recited that time was of the essence. In the event the plaintiff was "unable to secure said mortgage by the aforementioned date" the defendant's options were to cancel the contract or to extend the plaintiff's time to obtain a mortgage commitment.

On March 1, 2005, the plaintiff asked for an extension of time, until March 21, 2005, to secure a mortgage commitment. The defendant's attorney acknowledged that he did not respond to this request because he was unable to reach the defendant.

On or about July 14, 2005, the plaintiff forwarded, to the defendant, two mortgage commitments from one lender, Power Express, to wit, (1) a commitment for a loan in the amount of $500,000 for a term of 30 years secured by a first mortgage on the subject property, and (2) a commitment for a loan in the amount of $98,500 for a term of 30 years secured by a second mortgage on the subject property.

The plaintiff commenced the instant action seeking specific performance of the contract on the ground that the defendant refused to schedule a closing of title. In his answer, the defendant claimed that he never extended the plaintiff's time to secure a mortgage commitment, and instead "elected to cancel said contract." The defendant counterclaimed for damages in the sum of $25,000, based upon the plaintiff's alleged "inaction . . . in being unable to secure a firm mortgage commitment with the time allotted by the Contract of Sale." The plaintiff moved for summary judgment on the ground that the defendant never elected to cancel the contract or to extend the plaintiff's time to secure a mortgage. In opposition, the defendant contended that the mortgage commitments were untimely and did not comply with the terms of the mortgage contingency clause. The Supreme Court granted the plaintiff's motion for summary judgment directing specific performance of the contract. We affirm.

Despite the provisions of the mortgage contingency clause, the defendant neither cancelled the contract nor extended the plaintiff's time to secure a mortgage commitment. His purported cancellation, contained in his answer to the plaintiff's complaint, was untimely since the cancellation was made after the plaintiff tendered the mortgage commitments and sought to close title (*see Schatten v Briedis*, 163 AD2d 379 [1990]). The undisputed fact that the defendant refused to close title constituted an anticipatory breach of the contract obviating a need by the

plaintiff to tender performance prior to commencement of the instant action (*see Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997 [1983]).

The plaintiff established, prima facie, that he was ready, willing, and able to perform. The defendant's contentions that the plaintiff did not specifically comply with the mortgage contingency clause do not raise a triable issue of fact as to whether the plaintiff was ready, willing, and able to perform (*see Ober v Bey,* 266 AD2d 441, 442 [1999]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment directing specific performance of the contract. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.