■ BETTY JEAN TRAHAN, Appellant, v EMANUEL F. GALEA et al., Respondents. LAUREEN BUCHANAN, Nonparty Respondent. [853 NYS2d 121]—In an action for the partition and sale of real property, the plaintiff appeals from so much of (1) an order of the Supreme Court, Nassau County (Winslow, J.), dated May 8, 2006, as denied that branch of her motion which was for exclusive occupancy of the subject premises from July 1, 2005 to October 1, 2005, and (2) an order of the same court entered January 19, 2007, as denied those branches of her motion, denominated as one for leave to renew and/or reargue, but which was, in actuality, one for leave to reargue that branch of her prior motion which was for exclusive occupancy of the subject premises each year from July 1 to October 1, and for summary judgment dismissing the affirmative defenses.

Ordered that the appeal from the order dated May 8, 2006 is dismissed as academic; and it is further,

Ordered that the appeal from so much of the order entered January 19, 2007, as denied that branch of the plaintiff's mo-

tion, denominated as one for leave to renew and/or reargue, but which was, in actuality, one for leave to reargue that branch of her prior motion which was for exclusive occupancy of the subject premises each year from July 1 to October 1 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered January 19, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' affirmative defenses. The plaintiff failed to make a prima facie showing of her entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Triable issues of fact exist, inter alia, as to whether her claim is barred by laches (see Trenton Banking Co. v Duncan, 86 NY 221, 230 [1881]; Kraker v Roll, 100 AD2d 424, 432-433 [1984]).

That branch of the plaintiff's motion which was denominated as one for leave to renew and/or reargue that branch of her prior motion which was for exclusive occupancy of the subject premises each year from July 1 to October 1, which was denied in the order dated May 8, 2006, was not based on new facts (see CPLR 2221 [e]; Matter of Mattie M. v Administration for Children's Servs., 48 AD3d 392 [2008]). Therefore, that branch of her motion which was denominated as one for leave to renew and/or reargue was, in actuality, one for leave to reargue, the denial of which is not appealable (see Eight In One Pet Prods. v Janco Press, Inc., 37 AD3d 402 [2007]; Rivera v Toruno, 19 AD3d 473, 474 [2005]; Koehler v Town of Smithtown, 305 AD2d 550, 551 [2003]).

The plaintiff's claims regarding the court's denial of that branch of her motion which was for exclusive occupancy of the subject premises from July 1, 2005 to October 1, 2005, have been rendered academic since that period of time has lapsed.

To the extent that the plaintiff raises issues regarding that branch of her motion which was, in effect, to allow her to inspect the subject premises, we note that such issues are not properly before us as that branch of the motion remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543 [1979]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.