plaintiff failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, as conceded by the plaintiff on appeal, the defendant Peter Luger Enterprises, Inc., was entitled to summary judgment. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.

■ OLEG LEVINSKY, Appellant, v LEONID MUGERMIN, Respondent. [857 NYS2d 915]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated January 9, 2007, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is affirmed, with costs.

On January 21, 1999 the plaintiff allegedly was injured when a vehicle he was driving collided with a vehicle driven by the defendant. On January 17, 2002 he commenced an action against the defendant by filing a summons and complaint and purchasing an index number. However, the summons and complaint were never served. On April 15, 2006 the plaintiff commenced the instant action seeking identical relief. The defendant moved to dismiss the action as time-barred on the ground that it was commenced more than three years after the underlying accident. The Supreme Court granted the motion. We affirm.

The instant action was commenced after the expiration of the statute of limitations and was properly dismissed as time-barred (see *Gem Flooring v Kings Park Indus.*, 5 AD3d 542 [2004]; CPLR 214 [5]). Further, CPLR 205 (a) is inapplicable (see *Gem Flooring v Kings Park Indus.*, 5 AD3d 542 [2004]).

The plaintiff's contention that he is entitled to leave to effect late service of the first summons and complaint upon the defendant pursuant to CPLR 306-b is not properly before this Court as it was raised for the first time in his reply brief (see *Gorman v Town of Huntington*, 47 AD3d 30 [2007]). Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.

■ LIEBER REALTY, LLC, Respondent, v AMBER HEART MEDICAL, P.C., Appellant. [860 NYS2d 545]—In an action to recover damages for breach of a lease, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated November 30, 2006, as denied its motion, denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue the plaintiff's application to voluntarily discontinue the action, which had been granted in an order of the same court dated June 16, 2006.

Ordered that the appeal is dismissed, without costs or disbursements.

The defendant's motion, denominated as one for leave to renew and reargue, was not based on new facts (*see* CPLR 2221 [e] [2]; *Trahan v Galea,* 48 AD3d 791 [2008]). Thus, the motion, although denominated as one for leave to renew and reargue, was, in actuality, a motion for leave to reargue, the denial of which is not appealable (*see Trahan v Galea,* 48 AD3d 791 [2008]; *Matter of Mattie M. v Administration for Children's Servs.,* 48 AD3d 392 [2008]).

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Kings County, dated November 30, 2006, on the ground that no appeal lies from an order denying a motion for leave to reargue. By decision and order on motion of this Court dated December 14, 2007 (2007 NY Slip Op 86456[U]), inter alia, the motion was held in abeyance, and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied as academic in light of the determination on the appeal (*see Lieber Realty, LLC v Amber Heart Med., P.C.* [decided herewith]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.

LITTLE JOSEPH REALTY, INC., Appellant, v TOWN BOARD OF THE TOWN OF BABYLON et al., Respondents. [859 NYS2d 696]—

In an action, inter alia, for a judgment declaring that Local Law Nos. 13 and 16 (2005) of the Town of Babylon, which amended the Town's Zoning Code to authorize hot-mix asphalt facilities as a special exception use in all industrial districts, constituted illegal spot zoning, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Doyle, J.), entered January 17, 2007, which, inter alia, denied its motion for summary judgment, granted the cross motion of the defendants Town Board of the Town of Babylon and Town of Babylon for summary judgment and, in effect, directed the entry of a judgment declaring that