■ STEPHEN M. SOMMA et al., Respondents, v MAUREEN RICHARDT, Also Known as MAUREEN RICHARDT-GALLAGHER, Appellant. [861 NYS2d 720]—

In an action to recover damages for breach of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated December 21, 2006, which, inter alia, denied her motion for summary judgment dismissing the complaint and for summary judgment on the counterclaim and, in effect, granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the complaint, and (2) an order of the same court dated October 25, 2007, which denied her motion, denominated as one for leave to renew, but which was, in actuality, for leave to reargue.

Ordered that the appeal from the order dated October 25, 2007 is dismissed; and it is further,

Ordered that the order dated December 21, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order dated October 25, 2007 must be dismissed. The defendant's motion, denominated as one for leave to renew its prior motion for summary judgment dismissing the complaint and its opposition to the plaintiffs' cross motion for summary judgment, was not based upon new facts (*see* CPLR 2221 [e]; *Cordero v Mirecle Cab Corp.*, 51 AD3d 707 [2008]; *Trahan v Galea*, 48 AD3d 791 [2008]). Accordingly, the motion, denominated as one for leave to renew, in actuality, was a motion for leave to reargue, the denial of which is not appealable (*see Cordero v Mirecle Cab Corp.*, 51 AD3d 707 [2008]; *Trahan v Galea*, 48 AD3d 791 [2008]; *Pfeiffer v Jacobowitz*, 29 AD3d 661 [2006]).

In April 2003 the parties entered into a contract whereby the defendant agreed to sell to the plaintiffs real property located in West Hills, New York, for the sum of $520,000. The contract

provided that the closing was to occur "on or about May 15, 2003." The plaintiffs paid a down payment in the sum of $25,000 to the defendant. On July 7, 2003 the defendant allegedly cancelled a closing that was scheduled for July 8, 2003. Thereafter, by letter dated July 18, 2003, the plaintiffs informed the defendant that the closing was rescheduled for July 30, 2003, that time was of the essence, and that they would consider the defendant in default if the closing did not occur on that date. The defendant allegedly informed the plaintiffs on July 23, 2003 that she was not closing on July 30, 2003 and that she had no intention of selling her house to them. No closing ever took place.

Thereafter, the defendant sold the subject property to another individual on or about December 9, 2004 for the sum of $575,000. After the defendant returned the down payment to the plaintiffs, the plaintiffs commenced this action against the defendant to recover damages for breach of contract. The defendant asserted a counterclaim alleging that the plaintiffs breached the contract. The defendant moved for summary judgment dismissing the complaint and for summary judgment on the counterclaim and the plaintiffs cross-moved for summary judgment on the complaint.

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability on the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). While the original contract did not include a provision that time was of the essence, the letter dated July 18, 2003, sent by the plaintiffs to the defendant provided unequivocal notice that the closing date was July 30, 2003, where time was of the essence and that the defendant's failure to comply would be considered a default (see Guippone v Gaias, 13 AD3d 339 [2004]; Moray v DBAG, Inc., 305 AD2d 472 [2003]). Accordingly, the defendant's statements to the plaintiffs that she did not intend to attend the closing amounted to an anticipatory breach of the contract (see Yitzhaki v Sztaberek, 38 AD3d 535 [2007]), and the plaintiffs were not required to demonstrate that they were ready, willing, and able to close because the necessity for such a tender was obviated by the defendant's anticipatory breach (see Moray v DBAG, Inc., 305 AD2d 472 [2003]; Ehrenpreis v Klein, 260 AD2d 532 [1999]).

In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly, in effect, granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the complaint and denied the defendant's motion for summary judgment.

The defendant's remaining contentions are without merit. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.