■ RAFAEL KARO, Respondent-Appellant, v GEORGE F. PAINE, Appellant-Respondent. [865 NYS2d 654]—

In an action to recover damages for breach of contract for the sale of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Johnson J.), dated May 30, 2007, as denied his cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On March 31, 2006 the plaintiff buyer signed a contract with the defendant seller for the purchase of real property. The parties agreed to a purchase price of $400,000 with a $10,000 down payment. The closing date set forth in the contract was on or about June 1, 2006. On May 30, 2006 the plaintiff's counsel wrote to the defendant's counsel requesting a closing date. A closing was scheduled for June 27, 2006. On June 23, 2006 the defendant requested an adjournment and the closing was rescheduled for July 8, 2006. Subsequently, the plaintiff learned that the defendant had sold the property on June 22, 2006 to a third party for the sum of $540,000.

The plaintiff commenced this action to recover damages for breach of contract and thereafter moved for summary judgment. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. In support of his

motion for summary judgment, the plaintiff demonstrated the existence of a valid contract of sale between the parties, and the defendant's anticipatory breach thereof by the sale of the property to a third party before the scheduled closing date. Such proof established the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *see also Somma v Richardt,* 52 AD3d 813 [2008]). In opposition thereto, the defendant failed to raise any material issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). For similar reasons, the defendant failed to prove his entitlement to summary judgment dismissing the complaint.

Furthermore, contrary to the defendant's contention as well as the conclusion of the Supreme Court, "[the plaintiff was] not required to demonstrate that [he was] ready willing and able to close because the necessity for such a tender was obviated by the defendant's anticipatory breach" (*Somma v Richardt,* 52 AD3d at 814; *see #1 Funding Ctr., Inc. v H & G Operating Corp.,* 48 AD3d 908 [2008]; *Moray v DBAG, Inc.,* 305 AD2d 472 [2003]; *Ehrenpreis v Klein,* 260 AD2d 532 [1999]; *cf. Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997 [1983], and *Madison Equities, LLC v MZ Mgt. Corp.,* 17 AD3d 639 [2005] [both of which involve actions for specific performance of the contract of sale, as opposed to an action solely for damages such as the one at bar]). In any event, the plaintiff was ready, willing, and able to close on the scheduled closing date.

Accordingly, the plaintiff was entitled to summary judgment on the issue of liability. However, contrary to the plaintiff's contention, his measure of damages is not fixed at this time, and thus the matter must be remitted to the Supreme Court, Kings County, to determine the issue of damages. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.