In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the defendant and third-party plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 22, 2007, which, among other things, granted the plaintiffs’ motion for summary judgment on the complaint, and granted the respective motions of the third-party defendants for summary judgment dismissing the third-party complaint.
Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
Pursuant to a contract for the sale of real property dated *744 August 5, 2005, the defendant John Scialdone, as seller, was required to provide the plaintiffs, as purchasers, with notice of any default, and afford them 10 days to cure such default. On January 5, 2006, the plaintiffs declared time to be of the essence, and set a law date for closing of January 20, 2006. On January 11, 2006, Scialdone declared the plaintiffs in default of the contract on the ground that they had not provided him with a mortgage commitment, and demanded that such a commitment be produced within 48 hours. On January 13, 2006, having not received a mortgage commitment from the plaintiffs, Scialdone terminated the contract.
The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the complaint by tendering evidence in admissible form that Scialdone’s act constituted an anticipatory breach of the contract (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Somma v Richardt, 52 AD3d 813 [2008]; Yitzhaki v Sztaberek, 38 AD3d 535 [2007]). As a result of the anticipatory breach, the plaintiffs were not obligated to demonstrate that they were ready, willing, and able to perform under the contract (see Somma v Richardt, 52 AD3d at 813; Moray v DBAG, Inc., 305 AD2d 472, 473 [2003]). In opposition, Scialdone failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Somma v Richardt, 52 AD3d at 813). Accordingly, the Supreme Court correctly granted the plaintiffs’ motion for summary judgment on the complaint.
The third-party defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence in admissible form that they did not engage in a conspiracy, the purpose of which was to enable the plaintiffs to extricate themselves from the contract, constituting fraud and tortious interference with contract. In opposition, Scialdone failed to raise a triable issue of fact.
The parties’ remaining contentions are either without merit or not properly before this Court. Fisher, J.E, Balkin, McCarthy and Leventhal, JJ., concur.