ALFRED ZULLO et al., Appellants, v WILLIAM VARLEY et al., Respondents, et al., Defendants. [868 NYS2d 290]—

"Where possible, a contract should be interpreted to avoid inconsistencies and to give meaning to all of its provisions, giving a practical and reasonable interpretation to the language employed and the parties' reasonable expectations with respect thereto" (*Malleolo v Malleolo*, 287 AD2d 603, 603-604 [2001]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Therefore, "a court should not adopt an interpretation which would leave any provision without force and effect" (*Gonzalez v Norrito*, 256 AD2d 440, 440 [1998]).

Contrary to the plaintiffs' contention, the defendants William Varley and Jean Varley (hereinafter the Varleys) did not breach the contract of sale when, in response to a notice of violation dated October 3, 2007, issued by the Town of East Hampton, indicating that the subject property had been overcleared in violation of the Town Code, they revegetated the property, thereby removing the violation. Pursuant to paragraph 10 (a) of the contract, entitled governmental violations and orders (hereinafter the violations provision), the Varleys were required to remediate the conditions described in the notice of violation as of the date of closing, which they did. Further, to construe the provisions of the contract obligating the plaintiffs to accept the property in its "as is" condition, as precluding the Varleys from complying with the violations provision, would render the violations provision meaningless.

Thus, after the Varleys provided unequivocal notice that they were setting a closing date of December 14, 2007, where time was of the essence, and that the plaintiffs' failure to comply would be considered a default (*see Somma v Richardt*, 52 AD3d 813, 814 [2008]; *Guippone v Gaias*, 13 AD3d 339, 340 [2004]; *compare Moray v DBAG, Inc.*, 305 AD2d 472, 473 [2003]), the plaintiffs' refusal to attend the closing constituted an anticipatory breach (*see Yitzhaki v Sztaberek*, 38 AD3d 535 [2007]). Accordingly, the Supreme Court correctly directed the escrow agent to release, to the Varleys, the 10% down payment in the sum of $99,900, as liquidated damages in accordance with the terms of the contract (*see Hegner v Reed*, 2 AD3d 683, 685 [2003]; *Ittleson v Barnett*, 304 AD2d 526 [2003]; *see also Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.