■ MARIO A. PESA et al., Respondents, v YOMA DEVELOPMENT GROUP, INC., et al., Appellants, et al., Defendants. [903 NYS2d 83]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendants Yoma Development Group, Inc., and Southpoint, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered October 29, 2008, as, upon a decision of the same court entered July 18, 2008, granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the causes of action alleging breach of contract insofar as asserted against the defendant Yoma Development Group, Inc., and, in effect, denied that branch of their cross motion which was for summary judgment dismissing the causes of action alleging breach of contract insofar as asserted against the defendant Yoma Development Group, Inc.

Ordered that the appeal by the defendant Southpoint, Inc., from so much of the order as granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the causes of action alleging breach of contract insofar as asserted against the defendant Yoma Development Group, Inc., is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In March 2003 the defendant Yoma Development Group, Inc. (hereinafter Yoma), agreed, in three contracts, to sell three parcels of land to one or more of the plaintiffs. Each contract

provided, in relevant part, that if the purchaser did not receive a written mortgage commitment from a lender within 60 days from the date of the contract, the purchaser would be permitted to cancel the contract by giving written notice to Yoma. It is not disputed that the contracts gave the same right of cancellation to the sellers. Moreover, each contract clearly provided that it could be canceled only by written notice.

In July 2006, without any of the transactions having closed, and without any party having elected to cancel the contracts, Yoma transferred the properties to the defendant Southpoint, Inc. (hereinafter Southpoint), which itself later sold them. Eleven months after Yoma transferred the properties to Southpoint, an attorney for Yoma sent letters to the plaintiffs, purporting to cancel each of the contracts due to the plaintiffs' failure to obtain written mortgage commitments. The plaintiffs commenced this action, inter alia, to recover damages for breach of contract against Yoma and Southpoint. Eventually, the plaintiffs, and Yoma and Southpoint, sought summary judgment with respect to various issues. As relevant to this appeal, the Supreme Court awarded summary judgment to Southpoint dismissing the complaint insofar as asserted against it, granted that branch of the plaintiffs' cross motion which was for summary judgment against Yoma on the issue of liability on the causes of action alleging breach of contract, and denied that branch of the cross motion of Yoma and Southpoint which was for summary judgment dismissing the complaint insofar as asserted against Yoma.

A purchaser seeking specific performance of a contract for the sale of real property must show that it was ready, willing, and able to close "on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter" (*Ferrone v Tupper*, 304 AD2d 524, 525 [2003]; *see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]). By contrast, a purchaser seeking damages for the seller's anticipatory breach of a contract for the sale of real property is not required to establish, as an element of the claim, that it was ready, willing, and able to close (*see Karo v Paine*, 55 AD3d 679, 680 [2008]; *Somma v Richardt*, 52 AD3d 813, 814 [2008]).

Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability on the causes of action alleging breach of contract insofar as asserted against Yoma by establishing that Yoma committed an anticipatory breach of the contracts by transferring the proper-

ties to a third party while the contracts were still in effect, and almost one year before Yoma sought to cancel them. As the plaintiffs were seeking damages for the anticipatory breach and were not seeking specific performance, they were not required to establish that they were ready, willing, and able to perform (*see Peek v Scialdone*, 56 AD3d 743, 744 [2008]). In opposition, Yoma failed to raise a triable issue of fact (*id.*; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). For the same reason, Yoma and Southpoint failed to establish, prima facie, that they were entitled to judgment as a matter of law dismissing the breach of contract causes of action insofar as asserted against Yoma. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.