[965 NE2d 228, 942 NYS2d 1]

Mario A. Pesa et al., Respondents, v Yoma Development Group, Inc., Appellant, et al., Defendants.

Argued January 3, 2012; decided February 9, 2012

528

## POINTS OF COUNSEL

*Naidich Wurman Birnbaum & Maday, LLP*, Great Neck (*Robert P. Johnson* of counsel), for appellant. I. The transfers at issue did not constitute an anticipatory repudiation. (*Vafa v Cramer*, 212 AD2d 593; *Hendel v Scheuer*, 150 AD2d 431; *Levine v Trattner*, 130 AD2d 462; *Coney Is. Exhaust v Mobil Oil Corp.*, 304 AD2d 706; *D'Abreau v Smith*, 240 AD2d 616; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262; *iWon, Inc. v Ourhouse, Inc.*, 192 Misc 2d 1; *Forward Publ., Inc. v International Pictures, Inc.*, 277 App Div 846; *Jacobs Private Equity, LLC v 450 Park LLC*, 22 AD3d 347; *DeLorenzo v Bac Agency*, 256 AD2d 906.) II. Respondents are not entitled to summary judgment as they never demonstrated that they were ready, willing and able to close. (*Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021; *Scull v Sicoli*, 247 AD2d 852; *Gentile v Sang Y. Kim*, 101 AD2d 939; *Rhodes v Astro-Pac, Inc.*, 51 AD2d 656; *Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997; *Jewell v Rowe*, 119 AD2d 634; *Ufitec, S. A. v Trade Bank & Trust Co.*, 21 AD2d 187; *Inter-Power of N.Y. v Niagara Mohawk Power Corp.*, 259 AD2d 932; *Ross Bicycles v Citibank*, 200 AD2d 379; *Cohn v Mezzacappa Bros.*, 155 AD2d 506.)

*Thomas J. Stock & Associates*, Mineola (*Thomas J. Stock* and *Victor A. Carr* of counsel), for respondents. I. Appellant's recitation of certain facts, critical to a determination of this appeal, is either inaccurate or based on the hearsay statements of counsel with no personal knowledge of the facts. II. It was appellant's "intention," manifested by its own acts and words, to commit an anticipatory breach. III. Any failure to obtain a mortgage commitment only gave appellant the *right* to cancel the contracts, not the right to breach the contracts by transferring the properties prior to giving written notice. IV. The evidence in the record establishes that respondents were "ready, willing and able to perform" and that factual issue is not subject to review

by this Court. V. Assuming that the legal issue of whether an anticipatory breach eliminates the necessity to show that plaintiff was ready, willing and able to perform is subject to review, the decision of the Second Department was correct. (*Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021; *Scull v Sicoli*, 247 AD2d 852; *Ehrenpreis v Klein*, 260 AD2d 532.)

### OPINION OF THE COURT

SMITH, J.

We hold that, in a case alleging that a seller has repudiated a contract to sell real property, the buyers must prove they were ready, willing and able to close the transaction.

I

Defendant Yoma Development Group, Inc. (the seller) agreed in three separate contracts to sell three properties, on each of which the seller planned to build a three-family dwelling. One of the properties was to be sold to all four of the plaintiffs (the buyers), another to three of them, and a third to plaintiff Mario Pesa only. Each contract specified a purchase price of $430,000 and a $15,000 down payment, to be held in escrow pending the closing. It was a condition to the closing that the seller deliver certificates of occupancy for the dwellings it planned to build, or obtain "appropriate sign-offs" to show that certificates of occupancy would be forthcoming. Each contract also had a mortgage contingency clause, saying that if the buyer did not obtain a mortgage commitment within 60 days from the date of the contract, either the buyer or the seller "may cancel this contract by giving Notice to other party."

The contracts were signed on March 12, 2003, and specified a closing date of July 1, 2003. It seems from the record, however, that essentially nothing happened for more than three years after the contract was executed. The dwellings were not built and the mortgage commitments were not obtained. The seller now takes the position that, once 60 days had passed, it was free to terminate the contracts at any time under the mortgage contingency clause, but it does not claim to have exercised that right until four years later. The buyers say that the seller had no right to terminate, because the seller's failure to build houses on the properties, and to obtain certificates of occupancy or appropriate sign-offs, made getting mortgage commitments impossible.

On July 10, 2006, the seller transferred the properties to an affiliated corporation, defendant Southpoint, Inc. According to

the buyers, this transfer amounted to a repudiation of the seller's obligations under the contracts.

It is not clear from the record when the buyers found out about the Southpoint transfer, but in any event nearly another year of apparent inactivity followed. Then, on June 19, 2007, the seller's lawyer sent three identical letters to the buyers' lawyer, noting that the buyers had not obtained mortgage commitments, saying that the seller "is electing to cancel" the contracts, and returning the buyers' down payments. The buyers immediately brought this lawsuit. They originally sued for specific performance and damages, but the specific performance claim has been dismissed and only the claim for damages is before us.

Both sides moved for summary judgment. The seller argued, among other things, that the buyers could not recover damages because they had failed to show that they were ready, willing and able to close. Supreme Court granted summary judgment in favor of the buyers on the issue of liability, without discussing the "ready, willing and able" issue. It held that the seller had anticipatorily breached the contracts by transferring title to Southpoint. The Appellate Division affirmed. In the view of the Appellate Division, "a purchaser seeking damages for the seller's anticipatory breach of a contract for the sale of real property is not required to establish, as an element of the claim, that it was ready, willing, and able to close," though such a showing would be required if the buyers were seeking specific performance (*Pesa v Yoma Dev. Group, Inc.*, 74 AD3d 769, 770 [2d Dept 2010] [citations omitted]).

After the parties stipulated to the amount of damages, a final judgment was entered in Supreme Court. We granted the seller leave to appeal from that judgment, bringing up for review the earlier, non-final Appellate Division order. We now modify and deny both sides' motions for summary judgment.

## II

The main issue before us is whether a buyer in a damages suit like this one must show that it was ready, willing and able to close the transaction—i.e., that but for the seller's repudiation, the transaction could and would have closed. This issue has divided the Appellate Division departments. The Second Department has held, in a number of other cases as well as in this one, that no such showing is required (*e.g. Ehrenpreis v Klein*, 260 AD2d 532, 533 [2d Dept 1999]; *Karo v Paine*, 55

AD3d 679, 680 [2d Dept 2008]). The Third and Fourth Departments, however, have required a "ready, willing and able" showing (*Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1022 [3d Dept 1991]; *Scull v Sicoli*, 247 AD2d 852, 853 [4th Dept 1998]).

The rule followed by the Third and Fourth Departments is the correct one. It is the rule stated by the leading treatises on contracts (4 Corbin on Contracts § 978, at 924 [1951]; 13 Lord, Williston on Contracts § 39:41 [4th ed]), and applied in several federal cases (*Towers Charter & Mar. Corp. v Cadillac Ins. Co.*, 894 F2d 516, 523 [2d Cir 1990] [applying New York law]; *United States v Hon*, 17 F3d 21, 26 [2d Cir 1994]). Our agreement with that rule is implied by the language we used in *Deforest Radio Tel. & Tel. Co. v Triangle Radio Supply Co.* (243 NY 283 [1926]), where we held that, when a contract has been repudiated, the non-repudiating party need not actually *tender* performance. We said: "Where one party to a contract repudiates it and refuses to perform, the other party by reason of such repudiation is excused from further performance, or the ceremony of a futile tender. *He must be ready, willing and able to perform*, and this is all the law requires" (*id.* at 293 [emphasis added]; *see also Bigler v Morgan*, 77 NY 312, 318 [1879] ["The refusal of the defendant to perform . . . did not dispense with the necessity of showing that the plaintiff was able, ready and willing to perform"]).

The rule requiring non-repudiating buyers to show their readiness, willingness and ability to perform is supported by common sense. It is axiomatic that damages for breach of contract are not recoverable where they were not actually caused by the breach—i.e., where the transaction would have failed, and the damage would have been suffered, even if no breach occurred. The real question is one of burden of proof: Should the buyers be required to show they would and could have performed, or should the seller have the burden of showing they would not or could not? Since the buyers can more readily produce evidence of their own intentions and resources, it is reasonable to put the burden on them.

This allocation of the burden of proof is not inconsistent with our decision in *American List Corp. v U.S. News & World Report* (75 NY2d 38 [1989]). That case involved the repudiation by a magazine of a contract to rent mailing lists from a list supplier "over a 10-year period" (*id.* at 40). We held that "[t]he nonrepudiating party need not . . . prove its ability to perform the contract in the future" (*id.* at 44). In context, this meant that

the plaintiff would not be forced to meet the perhaps impossible burden of showing what its financial condition would have been for many years to come. No comparable burden falls on the non-repudiating party in a case like this one. These buyers need only show that they would and could have closed the transaction if the seller had proceeded to a closing as the contract required.

Here, the buyers did submit evidence of their financial condition, but that evidence was not conclusive on the issue of their ability to make the purchases. Whether the buyers were ready, willing and able to close therefore presented an issue of fact, and the buyers' motion for summary judgment should have been denied.

### III

We also hold that the courts below erred in deciding as a matter of law that the seller repudiated the contracts by transferring the properties in question to Southpoint.

It is not disputed that the seller and Southpoint were corporations controlled by the same principals. The transfer of the properties from one entity to another did not, of itself, make it impossible for the seller to close the transaction, or prove that it was unwilling to do so. For all that appears in the record, the properties could have been transferred back to the seller or simply conveyed from Southpoint to the buyers directly. In general, a transfer between affiliates, which may be done for any number of innocent reasons, is not in itself a repudiation.

In this case, it is true, there is significant evidence to support a finding that the Southpoint transfer was inconsistent with performance of the contracts. The seller's lawyer said in an affidavit submitted below that the transfer was made "in anticipation of the Purchasers [sic] inevitable lawsuit"—a statement hardly consistent with an intention by the seller to perform. There is, however, a later affidavit by the same affiant, which may be read as retracting, or attempting to explain away, his earlier statement. We conclude that the credibility of this explanation presents an issue of fact sufficient to defeat summary judgment.

### IV

The courts below were clearly correct, however, in denying the seller's cross motion for summary judgment. The record does not conclusively show that the buyers were not

ready, willing and able to close the transaction; nor, as our discussion above makes clear, does it conclusively show that the Southpoint transfer was not a repudiation. And even assuming that the seller did not repudiate the transaction before it sent its cancellation notices, its right to cancel has not been conclusively demonstrated. The buyers' claim that their failure to get mortgage commitments was a result of the seller's non-performance of its obligations remains an open issue (*see e.g. Arc Elec. Constr. Co. v Fuller Co.*, 24 NY2d 99, 104 [1969] [" '(T)he defendant cannot rely on (a) condition precedent . . . where the non-performance of the condition was caused or consented to by itself' " (quoting *O'Neil Supply Co. v Petroleum Heat & Power Co.*, 280 NY 50, 56 [1939])]).

Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be modified, without costs, by denying plaintiffs' motion for summary judgment, and as so modified, affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Judgment appealed from and order of the Appellate Division brought up for review modified, etc.