■ Elizabeth E. Soto, Respondent, v Jason Vernick, Appellant. [982 NYS2d 348]—

In an action, inter alia, to retain a down payment as liquidated damages for breach of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered June 20, 2012, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

On November 16, 2009, the plaintiff entered into a contract to sell a parcel of residential property in Greenlawn to the defendant for the sum of $600,000. The defendant tendered a down payment in the amount of $30,000. The contract set a closing for on or before December 1, 2009. The contract provided that the plaintiff was to retain the down payment as liquidated damages if the defendant defaulted. At the time, both parties believed that the real estate taxes referable to the property had been reduced for the 2009/2010 tax year from $18,526.29 to approximately $14,000. The contract contained no provision conditioning the sale upon the alleged reduction in taxes.

In late November 2009, the plaintiff's counsel sought to schedule a closing date with the defendant's counsel. The defendant's counsel responded that the defendant was canceling the contract based on the "inaccuracies of the real estate taxes," which, contrary to representations allegedly made to the defendant, were

still $18,526.29. Thereafter, in a letter dated December 18, 2009, the plaintiff's counsel informed the defendant's counsel that the closing was scheduled for January 4, 2010, that time was of the essence, and that he would consider the defendant in default if the closing did not occur on that date. The defendant's counsel responded that the defendant canceled the contract and, thus, there would be no closing on January 4, 2010.

The plaintiff subsequently commenced this action against the defendant, alleging, inter alia, that she was entitled to retain the down payment based upon the defendant's breach of contract. The plaintiff moved for summary judgment on the complaint, and the Supreme Court granted the plaintiff's motion. The defendant appeals, arguing that he was entitled to cancel the contract based upon the mutual mistake of fact as to the amount of the real estate taxes.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law. The plaintiff tendered evidence that she provided unequivocal notice to the defendant that the closing date was January 4, 2010, that time was of the essence, and that the defendant's failure to comply would be considered a default. After such notice was provided to the defendant, the defendant's statements that he canceled the contract and would not be attending the closing constituted an anticipatory breach of contract (*see Zullo v Varley*, 57 AD3d 536, 537 [2008]; *Peek v Scialdone*, 56 AD3d 743, 744 [2008]; *Somma v Richardt*, 52 AD3d 813, 814 [2008]). In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendant failed to submit any evidence in support of his contention that both parties intended to include terms in the contract that conditioned the sale of the subject property upon the amount of the real estate taxes referable to the property but, by mutual mistake, failed to include such terms (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *K.I.D.E. Assoc. v Garage Estates Co.*, 280 AD2d 251, 253 [2001]). In any event, any mistake as to the amount of real estate taxes was not so material that it went to the foundation of the contract (*see Simkin v Blank*, 19 NY3d 46, 52 [2012]; *Da Silva v Musso*, 53 NY2d 543, 553 [1981]; *see also Cohen v Cerier*, 243 AD2d 670, 671-672 [1997]). Moreover, the tax information was not "peculiarly within the knowledge of the [plaintiff] or unlikely to be discovered by a prudent purchaser exercising due care with respect to the subject transaction" (*Stambovsky v Ackley*, 169 AD2d 254, 259 [1991]; *see Glazer v LoPreste*, 278 AD2d 198, 199 [2000]).

Accordingly, the Supreme Court correctly granted the

plaintiff's motion for summary judgment on the complaint. Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.