Mendoza v Sterling Props., Inc. (2018 NY Slip Op 04543)





Mendoza v Sterling Props., Inc.


2018 NY Slip Op 04543


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-13296
 (Index No. 511574/14)

[*1]Jose Mendoza, respondent, 
v
Sterling Properties, Inc., appellant.


Miller Rosado & Algios, LLP, Garden City, NY (Neil A. Miller and Christopher Rosado of counsel), for appellant.
O. Benjamin Okeke, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated November 18, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The parties entered into a contract for the sale of real property in Brooklyn, upon which the defendant was to construct a three-family dwelling. The contract of sale required the plaintiff to obtain a "firm, unconditional" letter of commitment from a lending institution within 30 days of the contract date and required the defendant to obtain a certificate of occupancy prior to closing. The plaintiff timely obtained a loan commitment that included several conditions that had to be satisfied before closing. The defendant was given a copy of the letter of commitment and did not object or seek to cancel the contract on that basis. Approximately three months later, the defendant informed the plaintiff that it was canceling the contract based upon an unexpected delay in obtaining a certificate of occupancy and the "likelihood that [the plaintiff's] commitment cannot be extended for such a long time." The plaintiff then commenced this action for specific performance, to recover damages for breach of contract, and for a declaratory judgment. The defendant moved for summary judgment dismissing the complaint, asserting that because the plaintiff's commitment letter did not conform to the contract's specifications, he could not demonstrate that he was ready, willing, and able to perform. The Supreme Court denied the motion, holding that the defendant failed to make a prima facie showing that the plaintiff was not ready, willing, and able to perform. The defendant appeals, and we affirm.
Even when a seller repudiates a contract, the buyer asserting a cause of action for specific performance or to recover damages for breach of contract must demonstrate that he or she was ready, willing, and able to perform (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 532; Huntington Min. Holdings v Cottontail Plaza, 60 NY2d 997, 998; 533 Park Ave. Realty, LLC v Park Avenue Bldg. & Roofing Supplies, LLC, 156 AD3d 744). As the movant on a motion for summary judgment, however, it was the defendant's burden to demonstrate the absence of any issues of fact and make a prima facie showing that the plaintiff would not and could not perform (see Pesa v Yoma [*2]Dev. Group, Inc., 18 NY3d at 533-534). Here, the defendant did not meet its prima facie burden. The defendant relied solely upon the nonconforming commitment letter, which does not conclusively demonstrate that the plaintiff would not have been able to satisfy the conditions prior to or at the closing.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment, and there was no need to consider the plaintiff's papers in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 560).
The plaintiff's contention that the Supreme Court should have searched the record and awarded him summary judgment on the complaint is without merit.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court