Ahsanuddin v Addo (2025 NY Slip Op 05450)

Ahsanuddin v Addo

2025 NY Slip Op 05450

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 30571/17|Appeal No. 4870|Case No. 2024-06088|

[*1]Mohammed Ahsanuddin, Plaintiff-Appellant,
v
Joseph Addo, et al., Defendants-Respondents. Morris Fateha, Esq., Stakeholder.

Berry Law PLLC, New York (Eric Berry of counsel), for appellant.
Law Offices of Morris Fateha, Brooklyn (Morris Fateha of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about August 20, 2024, which granted the defendants sellers Joseph Addo and Veronica Addo's motion for summary judgment dismissing the second amended complaint and denied plaintiff's cross-motion for summary judgment under CPLR 3212 on his first and seventh causes of action for specific performance and to set aside the sale of real property to defendant 2056 Cross Bronx South LLC, unanimously modified, on the law, to the extent of denying defendants' motion for summary judgment on the breach of contract cause of action, remanding for further proceedings consistent with this decision, and otherwise affirmed, without costs.
As observed by this Court on a prior appeal in this action, the provisions in the contract of sale requiring bankruptcy court approval did not preclude defendants from performing because their bankruptcy case was dismissed before the closing date (see Ahsanuddin v Addo, 175 AD3d 1213 [1st Dept 2019]). The record before us now establishes that defendants failed to take the steps necessary for the closing to proceed after the bankruptcy case was dismissed, and then surreptitiously sold the property to a third party (see id. at 1214). Accordingly, Supreme Court should not have credited defendants Joseph Addo and Veronica Addo's impossibility defense, and plaintiff's breach of contract cause of action should not have been dismissed (see Mokar Props. Corp. v Hall, 6 AD2d 536, 539 [1st Dept 1958]). Although defendants urge that plaintiff was not ready, willing, and able to close, the record does not support that finding and the issue must be resolved by the trier of fact. We therefore remand the breach of contract cause of action for further proceedings consistent with this order (see e.g. Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 533 [2012]).
Supreme Court properly dismissed plaintiff's equitable claims for specific performance and to set aside the subsequent sale of real property, as those remedies are barred by the contract (see e.g. Warner v Kaplan, 71 AD3d 1, 7 [1st Dept 2009], lv denied 14 NY3d 706 [2010]). As we previously held, forfeiture of the down payment under paragraph 39 is not required in these circumstances (see Ahsanuddin, 175 AD3d at 1214). Under paragraph 3, however, the parties agreed in relevant part, "[i]n the event of Seller's willful default, Purchaser shall have the right to exercise all remedies available at law." While plaintiff may still be able to establish his damages at law for defendants' willful breach, specific performance and setting aside the sale are not remedies available under the contract (see 101123 LLC v Solis Realty LLC, 23 AD3d 107, 113 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025