Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 1, 2011, which, insofar as appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing the complaint and on their counterclaims for breach of contract and for forfeiture of plaintiffs’ $90,000 deposit, and directed that the judgment be satisfied from the money held on deposit, unanimously affirmed, without costs.
It is uncontraverted that plaintiffs failed to appear at the time-of-the-essence closing, rendering them in default (see Liba Estates v Edryn Corp., 178 AD2d 152 [1991]). Plaintiffs assert that their default is excused because of material misrepresentations made by defendants’ agent, regarding the existence of “thru-wall” air conditioning in the co-op unit, which plaintiffs were told was supposed to be behind a cabinet door in the living room. However, the court properly determined that section 7.1 of the purchase agreement expressly disavows any representations about the condition of “Personalty,” including air conditioning, and that the purchasers had inspected or waived inspection of such personalty, and took it “as is.” Moreover, section 14.1 contains a merger clause, asserting that any prior oral or written agreements or representations merged into the contract, which alone expressed the parties’ agreement. Al *515 though a general merger clause will not preclude parol evidence regarding fraud in the inducement or fraud in the execution (see Magi Communications v Jac-Lu Assoc., 65 AD2d 727 [1978]; Danann Realty Corp. v Harris, 5 NY2d 317, 320 [1959]), where the parties expressly disclaim reliance on the particular misrepresentations, contrary parole evidence is barred (see Citibank v Plapinger, 66 NY2d 90, 94-95 [1985]; Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC, 19 AD3d 273, 275 [2005]; O’Keeffe v Hicks, 74 AD2d 919 [1980]).
Even assuming that section 14.1, when read in conjunction with section 7.1, does not provide the requisite particular disclaimer of reliance regarding air conditioning, the court properly held that plaintiffs’ fraud in the inducement claim fails for lack of justifiable reliance on the alleged misrepresentation (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559-560 [2009]). “Where a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he cannot claim justifiable reliance on defendant’s misrepresentations” (Stuart Silver Assoc. v Baco Dev. Corp., 245 AD2d 96, 98-99 [1997]; see Joseph v NRT Inc., 43 AD3d 312 [2007]). Here, when told that the air conditioning unit was behind a particular cabinet door, plaintiffs failed to even open the door or inquire what was “thru-wall” air conditioning, or how it worked. It is not speculation to conclude that plaintiffs could have discovered the truth by use of ordinary intelligence, as plaintiff Lee Rosenblum’s own affidavit, in opposition to defendants’ motion for summary judgment, states that, after execution of the purchase agreement, when he visited the apartment and noticed that it was hot, he opened the cabinet door and “[t]here was nothing behind the door except a pipe. There was no air conditioning unit of any kind.” Had plaintiffs simply opened the door when they inspected the unit prior to executing the purchase agreement, at the very least they would have been put on notice of the need to inquire further regarding the lack of any air conditioning unit in that cabinet, as plaintiffs affidavit clearly states. Concur — Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ. [Prior Case History: 31 Misc 3d 1236(A), 2011 NY Slip Op 51014(U).]