■ IDT CORPORATION, Appellant, v MORGAN STANLEY DEAN WITTER & Co. et al., Respondents. [957 NYS2d 329]—

Plaintiff is unable to allege that it reasonably relied on defendants' misrepresentation that they would stop disparaging it in discussions with Telefonica. In a prior appeal, the Court of Appeals rejected plaintiff's argument that defendants' statute of limitations affirmative defenses should be barred by equitable estoppel, because after learning of defendants' disparagement of it, plaintiff was on inquiry notice that it might have legal claims against them and therefore "should have made further inquiry before the statute of limitations expired" (see 12 NY3d 132, 141 [2009]). Contrary to plaintiff's interpretation of the Court's statement, the point is that had it made further inquiry, it would have learned that defendants' alleged promise to stop disparaging it was illusory. The proposed amended complaint does not allege that plaintiff made further inquiry. It alleges that defendants continued to disparage plaintiff even after they promised to stop doing so. These allegations do not cure the pleading defect concerning justifiable reliance (see Rosenblum v Glogoff, 96 AD3d 514 [1st Dept 2012]). Moreover plaintiff's lost opportunity claim is not viable as damages are limited by the out-of-pocket rule (Lama Holding Co. v Smith Barney, 88 NY2d 413 [1996]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.