VILMA M. SANCHEZ, Respondent, v FARBOD F. HAY et al., Appellants. [997 NYS2d 392]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered October 23, 2013, which granted plaintiff's motion for summary judgment, dismissed defendants' counterclaims and denied defendants' cross motion to amend their answer, directed the parties to arrange for a time and place to close on the sale of the subject apartment no later than December 19, 2013, directed defendants to pay plaintiff's attorneys' fees, and

ordered a hearing on damages on the second cause of action for breach of contract, unanimously affirmed, with costs. Order, same court and Justice, entered January 27, 2014, which denied defendants' motion for leave to renew, and directed the parties to proceed to mediation/trial, unanimously affirmed, with costs.

The motion court properly determined that plaintiff is entitled to specific performance and ordered the parties to proceed with the closing on the sale of the subject apartment. Plaintiff established that she was ready, willing and able to perform pursuant to the contract, and that she had taken all the necessary steps to close, including retaining counsel, securing financing, and ordering title insurance (*see Gindi v Intertrade Internationale Ltd.*, 50 AD3d 575 [1st Dept 2008]).

In opposition, defendants failed to present evidence sufficient to raise a triable issue of fact as to plaintiff's ability and willingness to close on February 6, 2012. Although plaintiff and her counsel were not present at the date and time stated in her time of the essence letter, the record reflects that defendants' counsel had previously rejected a closing on that date and declared the time of the essence letter a nullity. Plaintiff reasonably declined to appear in the face of that rejection.

The trial court properly found that plaintiff is entitled to attorneys' fees. The unambiguous contract provision which unmistakably provides for the award of reasonable attorneys' fees to the prevailing party in "any litigation," is not, as defendants' argue, limited to disputes arising from defendants' post-closing occupancy of the apartment (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]).

Defendants' motion to renew was properly denied because the alleged "new" fact, that the closing had taken place as the court had directed, was not relevant to plaintiff's ability to close in February 2012 (*see* CPLR 2221 [e] [2]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.