Ballys Mgt. & Capital, LLC v First Korean Church of N.Y. (2022 NY Slip Op 05306)

Ballys Mgt. & Capital, LLC v First Korean Church of N.Y.

2022 NY Slip Op 05306

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-03923 
2019-04923
2019-10613
 (Index No. 711422/17)

[*1]Ballys Management and Capital, LLC, appellant,
v
First Korean Church of New York, et al., respondents.

Wasserman Grubin & Rogers, LLC, New York, NY (Andrew Lipetz of counsel), for appellant.
Pick & Zabicki, LLP, New York, NY (Douglas J. Pick and Eric C. Zabicki of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property and for declaratory relief, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered February 14, 2019, (2) a judgment of the same court entered March 8, 2019, and (3) an order of the same court entered August 27, 2019. The order entered February 14, 2019, granted the defendants' motion for summary judgment dismissing the complaint and, in effect, with respect to the causes of action for declaratory relief, and to cancel the notice of pendency, and denied, as academic, the plaintiff's cross motion for summary judgment on the fourth, tenth, and eleventh causes of action. The judgment, upon the order entered February 14, 2019, is in favor of the defendants and against the plaintiff dismissing the complaint. The order entered August 27, 2019, denied the plaintiff's motion for leave to reargue and renew its opposition to the defendants' motion for summary judgment dismissing the complaint and, in effect, with respect to the causes of action for declaratory relief, and to cancel the notice of pendency, and its cross motion for summary judgment on the fourth, tenth, and eleventh causes of action, and pursuant to CPLR 5015(a)(3) to vacate the judgment.
ORDERED that the appeal from the order entered Februrary 14, 2019, is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendants' motion for summary judgment dismissing the complaint and, in effect, with respect to the causes of action for declaratory relief, and to cancel the notice of pendency is denied, the complaint is reinstated, the order entered February 14, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's cross motion for summary judgment on the fourth, tenth, and eleventh causes of action; and it is further,
ORDERED that the appeal from so much of the order entered August 27, 2019, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered August 27, 2019, as denied those branches of the plaintiff's motion which were for leave to renew and pursuant to CPLR 5015(a)(3) to vacate the judgment are dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered February 14, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On October 1, 2014, the plaintiff, as prospective purchaser, and the defendant First Korean Church of New York (hereinafter the Church), as prospective seller, executed a contract for the sale of real property located in Queens. The contract was executed on behalf of the Church by its president, the defendant Richard Sei Oung Yoon. According to the complaint, at the time the contract was executed, Yoon informed the plaintiff's managing member that the Church's board of trustees (hereinafter the board) consisted of Yoon, his wife, and another immediate family member, that Yoon had control over the board, that the board members authorized Yoon to enter into the contract on behalf of the Church, and that the board had approved the sale.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract, for specific performance of the contract, and for declaratory relief. The defendants moved for summary judgment dismissing the complaint and, in effect, with respect to the causes of action for declaratory relief, and to cancel the notice of pendency. The plaintiff cross-moved for summary judgment on the fourth cause of action, seeking specific performance of the contract, and the tenth and eleventh causes of action, seeking declaratory relief. In an order entered February 14, 2019, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion as academic. In a judgment entered March 8, 2019, the court dismissed the complaint. In an order entered August 27, 2019, the court denied the plaintiff's motion for leave to reargue and renew its opposition to the defendant's motion and its cross motion, and pursuant to CPLR 5015(a)(3) to vacate the judgment. The plaintiff appeals from the order entered February 14, 2019, the judgment, and the order entered August 27, 2019.
Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of demonstrating that the contract was unenforceable on the ground that the Church's board of trustees had not approved the sale in accordance with the requirements of Religious Corporations Law § 12(1) and N-PCL 511 and 511-a. In support of their motion, the defendants relied on Yoon's affidavit, in which he stated that in 2017, and after the appraised value of the property substantially increased, the board requested that the plaintiff explain, inter alia, its plans to develop the property and its ability to pay, and that the Church would not "process" the contract until the plaintiff complied with this request. Yoon's affidavit failed to address the allegations in the complaint that the board had already given approval of the sale prior to Yoon's execution of the contract. Indeed, in paragraph 8 of the contract, the Church warranted and represented to the plaintiff that the Church was authorized to sell the property. Thus, the defendants failed to demonstrate, prima facie, that the contract was unenforceable on the ground that the sale was not approved by the Church's board.
Contrary to Supreme Court's determination, the defendants also failed to demonstrate, prima facie, that the plaintiff breached the contract by failing to make timely down payment deposits in accordance with the contract. The contract provides that "within 7 days of receipt of notice of removal of the lis pendens, Purchaser shall deposit the additional down payment of $200,000.00 with the escrow agent cancellation (by a Court Order or settlement) of the existing contract." The Church failed to submit evidence demonstrating the date of the removal of the lis pendens. The "existing contract," which was a prior contract of sale entered into by the Church and Chun Peter Dong, was not canceled until a judgment was entered on August 31, 2017, in a prior action commenced by Dong against the Church, declaring that the prior contract is not binding and unenforceable. It is [*2]undisputed that on or about August 7, 2017, the Church sent the plaintiff a notice indicating that the Church was terminating the contract with the plaintiff based upon the plaintiff's purported failure to make required down payment deposits. Given that the plaintiff's next down payment deposit was not due until, at least, after August 31, 2017, the Church's notice of termination constituted an anticipatory breach of the contract and relieved the plaintiff of the obligation to perform (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133; Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 531-532; Strasbourger v Leerburger, 233 NY 55, 59; Inter-Power of N.Y. v Niagra Mohawk Power Corp., 259 AD2d 932).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint and, in effect, with respect to the causes of action for declaratory relief, and to cancel the notice of pendency, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court denied the plaintiff's cross motion for summary judgment on the fourth, tenth, and eleventh causes of action as academic. Given our determination, we remit the matter to the Supreme Court, Queens County, for determination of the plaintiff's cross motion on the merits.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court