**45 Nostrand LLC v Strongin**

2025 NY Slip Op 31968(U)

June 3, 2025

Supreme Court, New York County

Docket Number: Index No. 650447/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

PART  11M

-------------------------------------------------------------------------------X

45 NOSTRAND LLC

Plaintiff,

- v -

WENDY STRONGIN,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.  650447/2022

MOTION DATE  12/20/2024

MOTION SEQ. NO.  007

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 219, 228, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 263

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, plaintiff's motion is granted.[1]

## Background

Wendy Strongin ("Defendant") owns a piece of real property located on Shelter Island, New York. In July of 2021, she was approached by a real estate broker named Seth Madore about selling said property. Madore had been retained by prospective buyer 45 Nostrand LLC ("Plaintiff") to represent it on an exclusive basis. The parties dispute the interpretation and details of the course of Defendant and Madore's interactions, with Defendant arguing that she had been misled by Madore into believing that he represented her, and Plaintiff arguing that it had been made reasonably clear that Madore was exclusively a Buyer's Agent. The parties eventually signed a residential contract of sale (the "Contract") whereby it was agreed that Plaintiff would buy the property in question for $10 million cash. Prior to closing, Defendant

---

[1] The Court would like to thank Matthew Wisniewski for his assistance in this matter.

**650447/2022   45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No. 007**

**Page 1 of 8**

1 of 8

[* 1]

communicated to Plaintiff the belief that the contract was voidable due to misrepresentations, and the parties began to discuss the matter.

A time is of the essence closing was eventually set by Plaintiff for January of 2022. All required funds were wired by Plaintiff to an escrow account. A few days before the closing, Defendant's counsel told Plaintiff's counsel over the phone that Defendant would not be appearing at the closing. Plaintiff, believing that the trip to Shelter Island would be futile, likewise did not appear at closing. The underlying proceeding was filed in late January of 2022, in which Plaintiff seeks specific performance along with certain money damages. Defendant has answered, pleading ten affirmative defenses. The present motion for partial summary judgment has been brought by Plaintiff.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Plaintiff is requesting summary judgment in their favor on the portion of the first cause of action that seeks an order of specific performance, and that the remaining claims be severed for

**650447/2022  45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No.  007**

**Page 2 of 8**

2 of 8

trial. A party may establish a prima facie entitlement to specific performance for a sale of real estate "by demonstrating that they had substantially performed under the contract and were willing and able to perform their remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law." *Piga v. Rubin*, 300 A.D.2d 68, 69 [1st Dept. 2002]. Defendant opposes and argues that multiple areas of disputed fact prevent summary judgment. Their main arguments are that 1) the alleged misrepresentations of Madore constitute fraud and make the Contract null and void; and 2) that by failing to appear to the closing themselves, Plaintiff has not established that they were ready, willing and able to close on the property. For the reasons that follow, Plaintiff was not under these circumstances required to appear at closing to demonstrate that they were ready, willing, and able to perform, nor has Defendant adequately alleged justifiable reliance on misrepresentations that would serve as a basis to nullify the Contract with Plaintiff.

*Plaintiff Demonstrated That They Were Ready, Willing, and Able to Perform as Required for Specific Performance*

Although the full contents of the phone call between counsels regarding the closing is disputed, it is not disputed that it was communicated in advance that Defendant would not appear at the closing. Plaintiff characterizes this as an anticipatory repudiation and argues that it negates their need to appear at the closing themselves. The Court of Appeals settled a split in the appellate departments when they held in *Pesa* that even when a plaintiff is only seeking money damages after an anticipatory repudiation, and not specific performance, they must still show that they were "ready, willing and able" to perform. *Pesa v. Yoma Dev. Group, Inc.*, 18 N.Y.3d 527, 532 [2012]. The court went on to state that "[t]hese buyers need only show that they would

**650447/2022   45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No.  007**

**Page 3 of 8**

and could have closed the transaction if the seller had proceeded to a closing as the contract required." *Id.*, at 533.

Defendant argues that by not appearing to the closing, Plaintiff failed to show that they were ready, willing, and able to perform. Plaintiff argues that they did not need to show this, citing to *Somma*, a case that is not fully on point. In *Somma*, which predates *Pesa*, the court held that a plaintiff seeking money damages when the defendant had announced their intention not to appear at closing "was not required to demonstrate that they were ready, willing, and able to close because the necessity for such a tender was obviated by the defendant's anticipatory breach." *Somma v. Richardt*, 52 A.D.3d 813, 814 [2nd Dept. 2008].

The question then becomes whether as a matter of law, in order to obtain relief in the form of specific performance, Plaintiff would have been required to appear at closing despite the Defendant's clear advance announcement that she would not be present at closing. In *Sanchez*, the First Department held that a party was entitled to specific performance despite not appearing to the closing when "defendant's counsel had previously rejected a closing on that date and declared the time of the essence letter a nullity." *Sanchez v. Hay*, 122 A.D.3d 533, 534 [1st Dept. 2014]. Their reasoning was that the plaintiff there had "reasonably declined to appear in the face of that rejection." *Id*. Furthermore, in the cases following *Pesa*, while not explicitly determining if a party's appearance at closing is necessary in order to be deemed ready, willing, and able, the appellate departments have not seemed to require such an appearance in cases of anticipatory repudiation. *See, e.g., MacCabi Mgmt. LLC v. Cavan 2536 LLC*, 236 A.D.3d 469, 470 [1st Dept. 2025]; *Ballys Mgt. & Capital, LLC v. First Korean Church of N.Y.*, 208 A.D.3d 1297, 2nd Dept. 2022] (holding that an anticipatory breach "relieved plaintiff of the obligation to perform"); *Finkelstein v. Lynda*, 166 A.D.3d 948, 949 [2nd Dept. 2018] (explaining that for specific

**650447/2022  45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No.  007**

**Page 4 of 8**

performance a "purchaser must submit evidence demonstrating *financial ability* to purchase the property in order to demonstrate that it was ready, willing, and able to purchase the property" emphasis added).

While there is a disputed issue of fact on whether or not Defendant's counsel told Plaintiff's counsel that they did not need to show up to closing, it is not disputed that Defendant's counsel clearly and explicitly stated that they had no intent of appearing at the closing. Under *Sanchez* and other precedents, it does not appear to this Court that a failure to appear at closing in these circumstances (the Court notes, for instance, that the full payment that would have been owed had been transferred to escrow) would defeat a showing of ready, willing, and able as a matter of law. Therefore, there are no material disputes of fact as to whether Plaintiff has established that they are entitled to the remedy of specific performance based on their failure to appear at the closing.

### *There Are No Material Issues of Fact Going to Fraud That Would Void the Contract*

Defendant has also opposed summary judgment, arguing that there are disputed issues of fact regarding representations by Madore that go to fraud and the enforceability of the Contract. They point to disputed areas of fact that go to whether or not representations were made to Defendant that Madore also represented her in the transaction, and whether his comparables were accurate. It appears that Madore was asked early in the relationship by Defendant if he was a buyer's agent or a seller's agent, and he responded by email that he was "the buyer's agent". A disclosure form later provided to Defendant had marked the boxes for Seller's agent and Advanced Inform Consent Dual Agency. Defendant alleges that she called Madore after receiving this phone to clarify, and was told that he represented both parties, although this is disputed by Plaintiff. It is also disputed whether it would have been reasonable for Defendant to

**650447/2022   45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No.  007**

**Page 5 of 8**

5 of 8

rely on the comparables provided by Madore, as she consulted multiple other brokers on the matter of the property's valuation and comparables. For their part, Plaintiff has pointed to multiple emails whereby Madore identified himself as "the" buyer's agent and Defendant referred to Plaintiff as Madore's client. There are clearly multiple areas of disputed fact going to Madore's behavior and the nature of the relationship between Madore and Defendant. The crucial issue is whether any of these disputed facts would be *material* to the present motion for summary judgment on the claim for specific performance.

It is not enough that misrepresentations were made, but to defeat a motion for summary judgment there must be "unresolved factual issues" regarding misrepresentations that "were so essential to the bargain that they rendered the contract voidable upon execution." *Anderson v. Meador*, 56 A.D.3d 1030, 1036 [3rd Dept. 2008]. Defendant argues that Madore's failure to comply with the disclosure obligations imposed by Real Property Law 443 would defeat summary judgment as a matter of law. But the cases they cite to involve claims made against the broker themselves, such as breach of fiduciary duty, and not to claims against the broker's client that allege contract nullity because of fraudulent inducement. *See, e.g., Munna v. Axman*, 178 A.D.3d 537 [1st Dept. 2019]. One crucial element of a claim of fraudulent inducement is reasonable reliance on the misrepresentations. *See, e.g., Stuart Silver Assocs. v. Baco Dev. Corp.*, 245 A.D.2d 96, 98 [1st Dept. 1997].

The area of disputed fact that Defendant points to that would go to the element of her justifiable reliance are the representations regarding the property's value. The question therefore is whether Defendant was justified in relying on the property value representations of Madore in entering the Contract. According to her deposition, even when allegedly operating under the belief that Madore was her agent, Defendant consulted other brokers on the property's value and

**650447/2022   45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No.  007**

**Page 6 of 8**

6 of 8

[* 6]

comparables because "someone can act in your best interest but not necessarily be correct." (NYSCEF doc # 238, 132:16-17). Although there is not much recent case law on the matter, representations of value are generally not able to form the basis for a fraud claim, as they are considered opinions. *See, e.g., Cristallina S. A. v. Christie, Manson & Woods Int'l*, 117 A.D.2d 284, 294 [1st Dept. 1986]; *Simms v. Biondo*, 816 F. Supp. 814, 820 [E.D.N.Y. 1993]. Even if a factfinder resolved all disputed areas of fact in Defendant's favor, it is clear that Defendant did not believe that she could solely rely on the valuations provided by Madore and she undeniably consulted other, disinterested parties on the matter.

And when "a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he cannot claim justifiable reliance on [the other party's] misrepresentations." *Rosenblum v. Glogoff*, 96 A.D.3d 514, 515 [1st Dept. 2012]. While Defendant argues that it was not within the exercise of ordinary intelligence for her to discover the exclusive relationship between Plaintiff and Madore, it was within the exercise of ordinary intelligence to discover the disinterested value of the property. That value statement was the allegedly relied upon misrepresentation that would satisfy the justifiable reliance prong of a claim of fraudulent misrepresentation. And not only does it appear from the case that such a statement is an opinion that cannot support a fraud claim, but Defendant did indeed utilize other means to solicit and receive outside opinions on the property's value. Because Defendant has not pled justifiable reliance, they have not established that there are unresolved areas of fact that would negate the Contract and thus defeat Plaintiff's motion for summary judgment. The Court has considered the parties' other arguments and found them unavailing. Accordingly, it is hereby

**650447/2022   45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No.  007**

**Page 7 of 8**

7 of 8

[* 7]

ADJUDGED that plaintiff's motion for partial summary judgment on the first cause of action is granted; and it is further

ORDERED that the specific performance portion of the first cause of action is severed and the balance of the claims are continued; and it is further

ORDERED that defendant Wendy Strongin specifically perform under the residential contract of sale between the parties dated October 25, 2021, including by transferring ownership of the premises located at 45 Nostrand Parkway, Shelter Island, NY 11964, tax map designation 0700-017.00-01-003.007 not more than 60 days following the date of service of this Order with notice of entry.

20250603155136LFRANK7CBF87FF81794DA7AF9744E5E66D1C28

| 6/3/2025 | | |
| --- | --- | --- |
| **DATE** | | **LYLE E. FRANK, J.S.C.** |

| **CHECK ONE:** | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650447/2022   45 NOSTRAND LLC vs. STRONGIN, WENDY**
**Motion No.  007**

Page 8 of 8

8 of 8

[* 8]